IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BERNICE HORNE HOGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 2:11cv237-CSC<br>(WO) |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Bernice Horne Hogan ("Hogan"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should affirmed.[2]

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[3] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A.  Introduction.**  Hogan was 52 years old at the time of the administrative hearing. (R. 36). She has completed the ninth grade.[5] (R. 39). The ALJ concluded that Hogan has

---

[4] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

[5] Although Hogan attempted the test to receive her general equivalency diploma ("GED"), she did not pass. (R. 39)

severe impairments of "Diabetes Mellitus, Hypertension, Osteoarthritis of the Lumbar Spine and Left Shoulder, and Affective Depressive Disorder." (R. 20)  Her prior work experience includes work as a "cleaner/companion and home attendant." (R. 30, 59).  Following the hearing, the ALJ concluded that the plaintiff could return to her past relevant work, and thus, she is not disabled. (R. 30-31).

  **B. Plaintiff's Claims.**  Hogan presents two issues for the Court's review. As stated by Hogan, they are as follows:

> 1. The Commissioner's decision should be reversed because the ALJ committed reversible error in failing to accord adequate weight to the opinion of Ms. Hogan's treating psychiatrist, Dr. Lopez.
>
> 2. The Commissioner's decision should be reversed because the ALJ's residual functional capacity finding lacks the support of substantial evidence.

(Doc. # 12, Pl's Br. at 6).  It is to these two issues that the court now turns.

### IV. Discussion

  A disability claimant bears the initial burden of demonstrating an inability to return to her past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v.*

4

*Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981).  The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).

**A.  Treating Physician's Opinion**.  Hogan argues that the ALJ failed to properly evaluate the opinion of her treating psychiatrist, Dr. Lopez.  (Doc. # 12, Pl's Br. at 6-11). According to the plaintiff, the ALJ erred by failing to assign "the greatest weight" to Dr. Lopez's opinion because he "is clearly a treating physician whose opinion and recommendations should have been given controlling weight."  (*Id*. at 7, 10).

Of course, the law in this circuit is well-settled that the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician unless good cause exists for not doing so.  *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985). The Commissioner, as reflected in his regulations, also demonstrates a similar preference for the opinion of treating physicians.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

*Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 CFR § 404.1527 (d)(2)). The ALJ's failure to give considerable weight to the treating physician's opinion is reversible error. *Broughton*, 776 F.2d at 961-62.

However, there are limited circumstances when the ALJ can disregard the treating physician's opinion. The requisite "good cause" for discounting a treating physician's opinion may exist where the opinion is not supported by the evidence, or where the evidence supports a contrary finding. *See Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). Good cause may also exist where a doctor's opinions are merely conclusory, inconsistent with the doctor's medical records, or unsupported by objective medical evidence. *See Jones v. Dep't. of Health & Human Servs.*, 941 F.2d 1529, 1532-33 (11th Cir. 1991); *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991); *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). The weight afforded to a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence of the claimant's impairment. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Schnorr*, 816 F.2d at 581.

On December 11, 2008, Dr. Lopez completed a medical source statement assessing Hogan's mental impairments. (R. 413-15). According to Dr. Lopez, Hogan has marked limitations in seven areas dealing with her ability to function in a work environment. (*Id.*)

She has moderate restrictions in ten areas, and mild restrictions in one area. (*Id*.) According to Dr. Lopez, Hogan's impairments would be expected to last more than 12 months. (R. 415).

After reviewing the medical evidence, the ALJ gave Dr. Lopez's opinion "little evidentiary weight" because "[w]hile Dr. Lopez is a treating physician, his medical opinion is not persuasive as to an inability to maintain work. His treatment records fail to support his medical opinion . . . because they show consistently that the claimant has only attended therapy sessions on an infrequent basis. . . . Dr. Lopez' medical opinion is neither supported by his treatment records nor consistent with his treatment of the claimant." (R. 30). The ALJ acknowledged that Hogan suffers from depression, but after a thorough review of her treatment records, discounted Dr. Lopez's opinion.

The ALJ's decision to give Dr. Lopez's opinion little weight is supported by substantial evidence. Although Hogan testified that her most disabling impairment is her depression, treatment records from Spectra Care do not support Dr. Lopez's assessment of the severity of this impairment. For example, Hogan presented to Spectra Care for an intake assessment on November 12, 2007. The assessment was completed by Linda Dudewicz, a licensed social worker. (R. 393-403). Dr. Hammond, a licensed psychologist, also signed the intake assessment. (R. 403). Although Hogan's prescription for Celexa was renewed on December 5, 2007, there is no indication that she attended individual or group therapy on that date. (R. 384). Hogan did not attend therapy on January 17, 2008, March 20, 2008, May 15, 2008, or June 19, 2008. (R. 386-87, 389, 391). She attended her first group therapy on

7

February 21, 2008. (R. 390). Her only other therapy appointment was April 17, 2008, when she was the only patient at group therapy. (R. 388). At that time, the social worker noted that Hogan was

> keeping herself busy with youngest daughter going to graduate HS in May. She makes herself do church work, witness for Jehovah. She goes Tues, Sat and Sunday. Bernice is trying to walk her dog, work in the yard, do housework but physically doesn't always feel well.

(R. 388)

Dr. Lopez assessed Hogan with moderate and marked limitations based on two therapy visits, the last one eight months earlier than his assessment. Moreover, there is no evidence in the treatment notes to indicate that Dr. Lopez ever evaluated or even saw Hogan. Consequently, Dr. Lopez's treatment notes do not support the level of disability he attributes to Hogan.

The ALJ may disregard the opinion of a physician, provided that he states with particularity reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278 (11th Cir. 1987). The ALJ examined and evaluated the treatment records for evidence supporting Dr. Lopez's assessment of Hogan's ability to work, and he considered Hogan's own testimony. Only then did the ALJ discount Dr. Lopez's opinion that Hogan was disabled.[6] Based upon its review of the ALJ's decision and the objective medical evidence of record, the court concludes that

---

[6] To the extent that Hogan also argues that the ALJ failed to specify the weight he assigned to the opinion of Dr. Nuckols, a non-examining psychiatrist, she is entitled to no relief on this basis. *See* Doc. # 12 at 10. Although the ALJ refers to the evaluation by Dr. Nuckols, he assigned no weight to it because Dr. Nuckols' opinion was formulated without the benefit of Hogan's treatment records from SpectraCare and Dr. Lopez. (R. 24). The ALJ can hardly be faulted for not considering Dr. Nuckols' opinion under such circumstances.

8

the ALJ properly rejected Dr. Lopez's opinion regarding the limitations caused by Hogan's depression.

**B. Residual Functional Capacity Assessment**. Hogan also complains that the "ALJ's residual functional capacity finding lacks the support of substantial evidence" (Doc. # 12, Pl's Br. at 11-12). In determining her residual functional capacity, the ALJ considered Hogan's impairments in that assessment.

> After careful review of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant needs to change positions from sitting/standing and walking throughout the day; she can only have casual contact with the public; She can only have one or two step job instructions; she can not reach overhead with the non-dominant left arm; she can not push/pull with the non-dominant left arm; and she can not perform repetitive movements with the non-dominant left arm.

(R. 27).

Hogan argues that the ALJ erred when he improperly rejected Dr. Lopez's assessment and then gave more weight to the opinion of a non-examining physician, Dr. Carmichael, a state agency medical consultant who reviewed Hogan's medical records. (Doc. # 12, Pl's Br. at 11-12). Social Security regulations provide guidelines for an ALJ to use when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. The ALJ considers many factors when weighing medical opinions, including the examining relationship, the treatment relationship, how supported an opinion is, whether an opinion is consistent with the record, and a doctor's specialization. 20 C.F.R. § 404.1527(d)(1)-(6). The Commissioner's regulations also require that "more weight [be given] to the opinion of a source who has examined [the claimant] than

9

to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(d)(1); *accord Broughton v. Heckler,* 776 F.2d 960, 962 (11th Cir. 1985); *Swindle v. Sullivan,* 914 F.2d 222, 226 n. 3 (11th Cir. 1990).  Moreover, "[t]he opinions of nonexamining, reviewing physicians, ... when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence." *Lamb v. Bowen*, 847 F.2d 698 (11th Cir. 1988); *Sharfarz v. Bowen,* 825 F.2d 278, 280 (11th Cir. 1987); *accord Spencer on Behalf of Spencer v. Heckler,* 765 F.2d 1090, 1094 (11th Cir. 1985) ("'[t]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at best'").  In *Edwards v. Sullivan,* 937 F.2d 580, 584-85 (11th Cir. 1991), the court found that the ALJ did not err in relying on the opinion of a non-examining physician where the physician's opinion was consistent with the opinions of examining physicians.

One of the interpretive difficulties with this seemingly straightforward principle of law arises from cases such as *Swindle v. Sullivan,* 914 F.2d 222, 226 n. 3 (11th Cir. 1990), in which the court stated, albeit in a footnote, that the opinion of a non-examining physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision."  In isolation, *Swindle* seems to suggest that the opinion of a non-examining physician cannot be substantial evidence under any circumstances.  *Swindle* cites *Broughton* as authority, but that case "held that the opinion of a nonexamining physician is entitled to little weight *if it is contrary to the opinion of the claimant's treating physician.*" *Broughton*, 776 F.2d at 962 (emphasis added).  That formulation of the law is consistent with

*Lamb* and *Sharfarz*. Thus, the court concludes that the opinion of a non-examining physician who has reviewed medical records may be substantial evidence if it is consistent with the well-supported opinions of examining physicians or other medical evidence in the record.

According to Hogan, "the ALJ should have adopted the limitations assessed by Dr. Lopez and Dr. King as to determine the actual workplace limitations imposed as a result of Ms Hogan's medically determinable impairments. As a treating and examining physician, their opinions should have been afforded more weight than that of Dr. Carmichael, a non-examining physician, and Dr. Oakley, a physician who provided treatment to Ms. Hogan during a two day hospital stay." (Doc. # 12, Pl's Br. at 13).

In essence, Hogan complains that the ALJ did not properly consider Dr. Lopez's opinion in determining her residual functional capacity. For the reasons already stated, the ALJ properly discounted the opinion of Dr. Lopez. The ALJ gave the opinion of Dr. King "some weight" but gave his "indefinite statements" "lesser weight." (R. 30). Dr. Carmichael opined that Hogan "is capable of light work with safety precautions and occasional postural restrictions." (R. 22, 318). Dr. Oakley treated Hogan for chest pain on September 10, 2007.[7] (R. 341-48). After a careful review of all the medical records, the court concludes that the ALJ's residual functional capacity is consistent with the medical evidence as a whole as well as Hogan's testimony about her abilities. Hogan did not seek mental health treatment when

---

[7] The court is unable to determine from her brief what the plaintiff contends with regards to Dr. Oakley. His records merely reflect Hogan's treatment for chest pain. She was instructed to follow up with her physician, to continue her medications, and to follow a low fat diet. (R. 342).

she could have done so.  She attended only 2 therapy sessions over a 6 month period.  None of SpectraCare's treatment records indicate that Hogan's depression was debilitating. Hogan's own description of her activities does not support a conclusion that she is unable to function in a work setting to the degree determined by Dr. Lopez.  In short, after a careful examination of the administrative record, the court concludes that substantial evidence supports the conclusion of the ALJ concerning Hogan's mental impairments and her residual functional capacity to perform light work.

## V. Conclusion

This court must accept the factual findings of the Commissioner if they are supported by substantial evidence and based upon the proper legal standards.  *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).  The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled, and is due to be affirmed.

A separate order will be entered.

Done this 3rd day of August 2012.

                                                 /s/Charles S. Coody
                                                CHARLES S. COODY
                                                UNITED STATES MAGISTRATE JUDGE